NEW YORK INFANT ASYLUM, Appellant, *v.* THEO-
DORE ROOSEVELT and THEODORE KANE GIBBS,
Respondents. ·

*Libel* — *bill of particulars of damages* — *when the plaintiff will be compelled to
furnish one.*

In this action, brought by the plaintiff, a charitable corporation, to recover
damages for a libel alleged to have been published by the defendants, the
complaint alleged, among other things, that by reason of the publication per-
sons, who otherwise would have done so, had ceased and refused to con-
tribute or make donations to it. Two of these persons were named in the
complaint, and others were referred to as John Doe and Richard Roe and
others whose names were unknown to the plaintiff.

*Held,* that it was proper for the court to grant an order requiring the plaintiff to
furnish a bill of particulars stating the names of the persons who, by reason
of the matters alleged in the complaint, had ceased or refused to make contri-
butions to or for the benefit of the plaintiff.

Appeal from two orders requiring the service by the plaintiff of
a bill of particulars.

This action was brought to recover damages for an alleged libel.
The plaintiff is a charitable corporation which is supported by an
income derived from the city of New York and contributions of
persons charitably disposed. The original complaint, after setting
forth the alleged libel, stated "that by reason of the promises the
plaintiff has been injured in its reputation and credit to its damage
$50,000." To this the defendants demurred on the ground, among
others, that the complaint did not state facts sufficient to constitute
a cause of action. Thereupon the plaintiff served an amended
complaint in which the allegations in respect to damage, after
setting forth the alleged libel, are as follows: "That by reason
thereof, a number of persons, viz., J. Fisher, Charles Parke (whose
real first name is unknown to plaintiff), and John Doe and Richard
Roe, and others, whose names are unknown to plaintiff, who had
theretofore been accustomed to contribute and donate sums of
money to the plaintiff, ceased to have confidence in its management,
and ceased and refused to contribute and donate any further sums
of money to the plaintiff, and the plaintiff was thereby deprived of
their contributions and donations, and of the money which it would

otherwise have received from said persons on a continuance of their confidence in its management, and the plaintiff was otherwise damaged in its reputation, to its damage $50,000."

The defendants moved that the plaintiff deliver a bill of particulars, specifying the names of the persons who ceased to contribute to its funds by reason of the matters set forth in the complaint, etc. After argument the court made an order directing the plaintiff to furnish a statement in writing, under oath, of the names of the persons who, by reason of the matters in the complaint alleged, ceased or refused to contribute or donate any further sums of money to the plaintiff. And it was further ordered that the plaintiff be precluded from giving evidence on the trial that any persons ceased or refused to contribute any further sums of money to the plaintiff, except those named in said bill of particulars.

*Leceister Holme,* for the appellant.

*Jones & Roosevelt* and *Gherardi Davis,* for the respondents.

DANIELS, J. :

The object of the action is to recover damages for a libel alleged to have been published by the defendants, of and concerning the plaintiff's management. In the complaint it has been alleged that by means of the publication, persons have declined to make charitable donations to it, which it otherwise would have received. Two of these persons are named in the complaint, and others are referred to as John Doe and Richard Roe, and others whose names are unknown to the plaintiff. By the orders from which the appeals have been taken, the plaintiff has been required to serve a bill of particulars or a statement of the names of the persons who have for this reason declined to make contributions to or for the benefit of the plaintiff. This is the extent to which the orders have proceeded, and they seem to have been warranted by the manner in which this portion of the complaint has been framed. If the plaintiff has been deprived of charitable donations by means of the publication alleged to have been libelous, and its officers have knowledge of the existence of that fact, they may fairly be presumed to know who the individuals are who have declined to make such donations; and if they do, a reasonable understanding of the case

to be made against the defendants, at the trial, requires that information of the names of these persons should previously be given to the defendants.

The rules prescribing what such a pleading as this complaint should be, require that this information shall be given to the defendants. That was considered in *Hartley* v. *Herring* (8 Durn. & East, 130), where it was held that the declaration should state the names of the customers whose patronage had been withdrawn from the plaintiff by reason of a slanderous publication. This complaint has not complied with that rule, except as to the two persons, Fisher and Parke, whose names seem to have been given, as far as they were known, and to remedy the deficiency in this respect the orders requiring the names of the persons referred to, to be given, were regularly made. If the plaintiff expects to be able to make proof of the fact, that persons have withheld charitable donations from it because of this publication, the defendants are entitled to know who those persons are in order to be prepared to meet that part of the case as far as they may be able to do so by proof upon the trial.

The orders which have been made require no more than that from the plaintiff, and as they seem to have supplied only the defect existing in this respect in the complaint, they were rightly made. They should be affirmed together, with ten dollars costs besides disbursements, to abide the event.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Orders affirmed, with ten dollars costs and disbursements to abide the event.